# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

KIPP R.GIBBS,             )
                                )
Plaintiff,               )
                                )
v.                      )       1:11-cv-00150-GZS
                                )
DORTHEA DIX AND     )
THE STATE OF MAINE    )
                                )
Defendants          )

## RECOMMENDED DECISION ON MOTION TO DISMISS (DOC. NO. 10) AND ORDER ON MOTION TO STRIKE (DOC. NO. 15)

Kipp R. Gibbs, a resident of Massachusetts,[1] filed this federal action in the United States District Court of Massachusetts. The District of Massachusetts transferred the case to Maine. Gibbs complains that, as a Native American,[2] he was discriminated against when he was at Dorothea Dix, a state psychiatric facility located in Bangor, Maine. Gibbs asserts that during his stay at the facility he was exposed to discrimination through various means including verbal teasing, provocative negative gestures, the coordinated use of color of staff clothing, and notations with hidden meanings left for Gibbs to discover. Gibbs describes this as a calculated conspiracy to deride him. He reports fear for his psychological and physical safety. Apparently Gibbs has a broken thumb as a consequence of an interaction at the facility in which staff intervened. For instance, Gibbs alleges that he has in his possession a song book that he claims was used by a staff member to convey Nazi-related discriminatory messages to him in a group

---

[1]      The docket currently reflects that Gibbs's address is Osterville, Massachusetts. The order of transfer indicates that he is a resident of Sagamore Beach, Massachusetts. (Doc. No. 4.)

[2]      Gibbs indicates in his complaint that he is more than half English, Irish, and Scottish. He also asserts that he is part Portuguese.

setting.  He also complains about his medication and the provision of "White Rain" shampoo to him as a taunt because of the color of Gibbs's hair and skin.  The complaint includes many other notations of hurtful behavior towards Gibbs that he feels were aimed at him because of the color of his skin.

On his civil cover sheet diversity is checked as the basis of federal jurisdiction but the cause of action is described as 42 U.S.C. § 1983 and civil rights violations and intentional torts. (Doc. No. 1-2.)

There are more concerns pending.  Gibbs has filed a pleading in response to the defendants' answer that the defendants have moved to strike.  I now grant the motion to strike and recommend that the Court grant the motion to dismiss the federal claims and decline to exercise supplemental jurisdiction over any state law claims.

## DISCUSSION

### *Motion to Strike*

On June 30, 2011, Gibbs filed a pleading that he entitled "Plaintiff's Refutation of Defendants' Answer."  (Doc. No. 14.)  The defendants have moved to strike this as an impermissible reply pleading unless specifically authorized by court order under Federal Rule of Civil Procedure 7(a)(7).  (Doc. No. 15.)  No such order has or will enter and I grant the motion to strike.

### *Motion to Dismiss Standard*

The two touchstones of my analysis of this motion to dismiss in the post-2009 pleading world are Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct.1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  See also generally Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1 (1st Cir. 2011).  The First Circuit summarized in Decotiis v. Whittemore:  "The Federal

Rules of Civil Procedure require a complaint to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" 635 F.3d 22, 29 (1ˢᵗ Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, this short, plain statement must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 555, 559). "Applying the plausibility standard is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S.Ct. at 1950).

Gibbs is proceeding pro se and in addressing the current motions I have given him the benefit of sensible doubts but that leeway must be exercised by considering the counterbalancing procedural rights of the defendants that have justifiably joined issue with Gibbs based on his complaint allegations.

### *Diversity Jurisdiction*

With regards to this Court's diversity jurisdiction the State of Maine is not a 'citizen' for purposes of this Court's 28 U.S.C. § 1332(a)(1) diversity jurisdiction. See Moor v. Alameda County, 411 U.S. 693, 717 (1973); U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 500 (1st Cir.2000); Hoffman v. Connecticut, 671 F.Supp.2d 166, 169 -70 & n.3 (D. Me. 2009). Dorothea Dix, formerly known as Bangor Mental Health Institute (BMHI), is a state-run psychiatric facility. See Bushey v. Derboven, 946 F.Supp. 96, 98 (D. Me. 1996)("BMHI is a 'mental hospital created by statute and maintained by the State.' Darling v. AMHI, 535 A.2d 421, 423 (Me.1987); 34-B M.R.S.A. § 3201. It is, consequently, a state agency."). The defendants argue that it is an 'arm of the state' and so it also is not a 'citizen' under § 1332(a)(1). See Moor, 411 U.S. at 717; State Highway Comm'n of Wyoming v. Utah Const. Co., 278 U.S. 194, 199 (1929). Gibbs concedes that he is suing the State of Maine because Dorothea Dix is a

state agency.  (Resp. Mot. Dismiss at 3-4.)  It is unnecessary to decide the question of whether or not Dorothea Dix is an 'arm of the state' for purpose of the diversity jurisdiction analysis because it is a state agency created by statute because, as explained below, Gibbs has disavowed diversity of citizenship as a basis for jurisdiction.[3]

### *Federal Question Jurisdiction and Sovereign Immunity*

In responding to the motion to dismiss, while taking on the defendants' argument concerning the state arm concern, Gibbs asserts that he is really pleading a cause of action under federal question jurisdiction for violation of his civil rights.  (Resp. Mot. Dismiss at 4-6, Doc No. 12.)[4]  The only relief that Gibbs requests is $250,000,000 in damages.  There is no doubt that Gibbs cannot recover damages from the State of Maine nor its agency, Dorothea Dix, when the Eleventh Amendment sovereign immunity defense is raised.  Kentucky v. Graham, 473 U.S. 159, 165-167 & n.14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978);  Poirier v. Mass. Dept. of Correction, 558 F.3d 92, 97 & n.6 (1st Cir. 2009).  The defendants have not waived this immunity.  (Mot. Dismiss at 3.)

### *Supplemental Jurisdiction*

As indicated above, Gibbs does list intentional torts as part of his cause of action.  To the extent that he seeks adjudication of state law tort claims (see Resp. Mot. Dismiss at 7),  I

---

[3]     Defendants maintain that Dorothea Dix is an "arm of the state" for diversity purposes, but it is not clear that this question could be easily decided on the existing record without factual development.  See, e.g., South Carolina Dept. of Disabilities and Special Needs v. Hoover Universal, Inc., 535 F.3d 300, 303 (4th Cir. 2008)(setting forth four prongs for analyzing the legal and factual footing of the 'arm of the state' inquiry).  In the present case the plaintiff's concession that the facility is a state agency and his failure to point to any indication that the agency has waived its sovereign immunity ends the inquiry.  Blake v. Kline, 612 F.2d 718 (3d Cir. 1979) notes the overlap between the 'arm of the state' jurisdictional concern and the Eleventh Amendment sovereign immunity analysis for state agencies in certain cases.  Id. at 726 n. 16.  However, in the present case the federal question subject matter jurisdiction under 42 U.S.C. § 1983 eliminates the need for any protracted analysis of those concerns.
[4]     Gibbs has actually filed two responses to the motion to dismiss. The second (Doc. No. 13) is sufficiently similar to the first that I rely on the first one only.

recommend that the Court decline to exercise supplemental jurisdiction, <u>see</u> 28 U.S.C. 1367(c);

<u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle,

the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ... will

trigger the dismissal without prejudice of any supplemental state-law claims."); <u>accord</u>

<u>Gonzalez-De-Blasini v. Family Dept.</u>, 377 F.3d 81, 89 (1st Cir.2004), and dismiss these claims

without prejudice.

## CONCLUSION

For the reasons stated above I grant the defendants' motion to strike. I recommend that

the Court grant this motion to dismiss because Gibbs has made it clear that the premise of his

federal claims is federal question jurisdiction and I conclude that the defendants are entitled to

sovereign immunity on Gibbs's federal claims. As for any possible state law claims I recommend

that the court decline to exercise supplemental jurisdiction and dismiss those claims without

prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 3, 2011